UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRIC OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. BULOW,        ) | |
|     Plaintiff,        ) | |
|             ) | No. |
| v.        ) | |
|             ) | |
| BOARD OF EDUCATION CITY OF CHICAGO,        ) | |
|     Defendant.        ) | |

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

NOW COMES Plaintiff, KIMBERLY A. BULOW, by her attorney, Ardwin E. Boyer of Newman Boyer & Statham, Ltd., and complains against Defendant, BOARD OF EDUCTION CITY OF CHICAGO, as follows:

1. This is an action for employment discrimination.

2. The plaintiff is KIMBERLY A. BULOW of the county of Kalamazoo in the state of Michigan.

3. Defendant is the BOARD OF EDUCTION CITY OF CHICAGO, located at 1 N. Dearborn Street, Suite 950, Chicago, Cook County, Illinois, 60602.

4. In January 2020, the plaintiff was employed by defendant as a special education teacher and as a part time basketball coach at the Infinity Math Science and Technology High School, located at 3120 S. Kostner Street, Chicago, Illinois 60623. This school is also sometimes referred to as Infinity Math and Science High School.

5. The plaintiff is still technically employed by defendant but, since June 18, 2021, has been suspended by defendant without pay and without benefits.

6. The defendant discriminated against plaintiff beginning on or about February 3, 2020 and continuing through the time of filing this complaint.

7. The defendant is not a federal government agency and plaintiff has filed a charge against the defendant asserting acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission on or about December 29, 2022. A copy of the charge is attached as Exhibit A.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. The Equal Employment Opportunity Commission has issued a Notice of Right to sue which was received by plaintiff on or about April 27, 2023, a copy of which notice is attached to this complaint as Exhibit B.

9. The defendant discriminated against plaintiff because of plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964.

10. The defendant is a unit of local government, and thus plaintiff further alleges discrimination on the basis of race in violation of 42 U.S.C. §1983.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-f(f)(3); and §1983 by 42 U.S.C. §1988.

12. The defendant, in violation of the foregoing, is:

   a. Wrongly seeking to terminate plaintiff's employment and her benefits;

   b. Treating plaintiff differently than similarly situated male employees;

13. The facts supporting plaintiff's claim of discrimination are:

   On January 30, 2020, plaintiff was employed by defendant as a tenured special education teacher. Plaintiff also served as the coach of her school's girls' basketball team. Plaintiff's school was known as Infinity Math Science and Technology High School located at 3120 S. Kostner Street, Chicago, Illinois.

On January 30, 2020, plaintiff was coaching her high school girls' basketball team at a game held in the school gym. With about one minute left in the game, a fist fight broke out among a group of young males, who were not associated with either of the teams that were playing. The group of fighters moved the fight into the gym.

The school failed to provide any security for this game. There were no security guards present in the gym during the game or at the time of the group fight. There were also no school administrators present.

Two other adult male employees of the school were in the gym at the time of the group fight. Neither was considered an administrator for above purposes. One was the athletic director and the other a paraprofessional dealing with school discipline at Invinity. When the group fight moved into the gym, the athletic director grabbed one of the fighters while attempting to subdue him.

Plaintiff believed that this fight posed a risk of harm to her student basketball players. In an attempt to protect her players, Kim approached the fighting male who broke free from the athletic director, and subdued the fighter so he could not continue fighting. Kim did so by putting her arms and legs around the fighter so he could not break free and continue fighting.

The event and the actions of the group of fighters and Kim's actions are on video.

The male fighter who plaintiff subdued later complained to the school that he felt hurt, although plaintiff disputes that he was hurt by anything plaintiff did to him.

The defendant has since filed charges seeking to have plaintiff terminated. Defendant claimed that plaintiff had improper physical contact with the above fighter (who was not an Infinity student and who was not known to plaintiff) in violation of defendant's school policies. The policies cited by defendant involve conflicts that arise with students in a classroom. The policies do not involve dangerous brawls that occur outside the classroom, during an extracurricular activity, where no school security is present or available, and where the brawl poses a risk of serious harm to students.

While the charges against plaintiff have been pending, on June 18, 2021, defendant suspended plaintiff without pay. A hearing has been conducted, hosted by a hearing officer, and spanning three sessions, the last having occurred on June 17, 2022. The hearing officer is responsible for preparing a written decision, which has not yet been issued. It is plaintiff's understanding that when the hearing officer issues the decision, the matter will then be presented to the defendant Board of Education of the City of Chicago for a final decision on what, if any, action it will take. As the hearing officer has not yet issued its decision, the Board has not yet made a final decision.

Even so, since June 18, 2021, plaintiff has been without pay, and without any of the benefits provided her as a Chicago Public School teacher, including the salary, raises, pension, continuing education benefits, health insurance, and other benefits that accrue to a tenured Chicago Public School teacher.

Kim has had to secure other employment, out of state, at a substantially lower rate of pay and with lesser benefits.

These actions have been taken against Kim Bulow as a result of sex discrimination. Kim Bulow has been treated differently than comparable male employees.

14. Defendant knowingly, intentionally and willfully discriminated against the plaintiff.

15. The plaintiff demands trial by a jury.

16. The plaintiff asks the court for the following relief:

   a. Direct the defendant to reinstate plaintiff to full duties with full back pay and reinstatement of her benefits;

   b. To order the defendant to cease its termination proceedings;

   c. If available, to grant plaintiff appropriate injunctive relief, lost earnings, compensatory damages including emotional distress, reasonable attorney's fees and costs; and

   d. Such other relief as the court deems appropriate.

Respectfully submitted,

/s/ Ardwin E. Boyer

For Plaintiff

Ardwin E. Boyer aeb@nbslaw.com
Newman Boyer & Statham, Ltd.
18400 Maple Creek Drive, Suite 500
Tinley Park, IL 60477
Tel: (312) 443-1998
Fax: (312) 443-1286
Cell: (773) 255-2619